

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4246
Re: Authority of the Railroad
Commission to divide a spe-
cialized motor carrier cer-
tificate and to approve the
sale of a portion thereof
under the circumstances pre-
sented.

Permit us to quote your recent letter requesting an
opinion from this department. It reads:

"The attached documents are most respect-
fully submitted to you with a request for an
opinion.

"(1) Does this Commission have the actual
or potential authority to divide specialized
motor carrier certificate No. 5593 in the manner
mentioned in the application which is enclosed
herewith, the said certificate also being en-
closed?

"(2) Does this commission have the actual
or potential power to divide said certificate in
the manner mentioned and then to approve a sale
of that portion thereof mentioned in said applica-
tion which, so it is stated, was under contract to
be sold?"

Specialized motor carrier certificate No. 5593 author-
izes the following service by Federal Transportation Company:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable James E. Kilday, page 2

"IT IS ESPECIALLY UNDERSTOOD AND AGREED THAT
THIS COMBINATION ORDER AND CERTIFICATE AUTHORIZES
THE TRANSPORTATION OF THE FOLLOWING COMMODITIES
ONLY:

"FOUR TRUCKS AUTHORIZED TO TRANSPORT:

"HOUSEHOLD GOODS, USED OFFICE FURNITURE AND
EQUIPMENT, LIVESTOCK, LIVESTOCK FEEDSTUFFS, FARM
MACHINERY AND GRAIN from Houston to all points in
Texas and from all points in Texas to Houston.

"OILFIELD EQUIPMENT to and from all points
in Texas.

"TEN ADDITIONAL TRUCKS AUTHORIZED TO TRANS-
PORT:

"HOUSEHOLD GOODS, USED OFFICE FURNITURE AND
EQUIPMENT from Houston to all points in Texas and
from all points in Texas to Houston.

"RESTRICTIONS AS TO ALL TRUCKS:

"The transportation of HOUSEHOLD GOODS, USED
OFFICE FURNITURE AND EQUIPMENT, LIVESTOCK FEED-
STUFFS AND FARM MACHINERY is prohibited from one
dealer to another dealer.

"The transportation of OILFIELD EQUIPMENT is
restricted to that transported to or from actual
oilfields, and the carrier is prohibited from
transporting same from one dealer or refinery
to another dealer or refinery or from a dealer
to a refinery, or from a refinery to a dealer.

"ALL EQUIPMENT to be operated under author-
ity of this combination order and certificate
shall not exceed FOURTEEN TRUCKS.

"THIS CERTIFICATE issued in privity with Spe-
cial Commodity Permit No. 12775 as said permit was
in force and effect on January 1, 1941, under the
'Grandfather' clause of House Bill No. 351."

Honorable James E. Kilday, page 3

Federal Transportation Company has petitioned the Railroad Commission to divide this certificate as follows:

"One part authorizing the transportation of household goods, used office furniture and equipment from Houston to all points in Texas, and from all points in Texas to Houston, to which operation there shall be allocated ten trucks. The remaining authority and rights to be retained in the other part of the division of said certificate."

Federal Transportation Company also seeks approval by the Commission of a sale to the Wald Transfer and Storage Company, Inc., of that part of the certificate described as "ten additional trucks authorized to transport: household goods, used office furniture and equipment from Houston to all points in Texas, and from all points in Texas to Houston."

It is immediately seen that if the division and sale of such part is approved, the original owner, and seller, as well as the purchaser, will possess the right and authority to transport household goods, used office furniture and equipment from Houston to all points in Texas and from all points in Texas to Houston. The result will be that two carriers will be authorized to transport these commodities by virtue of one certificate originally granted to one carrier. This arises, of course, because of the duplicate grant in the original certificate appertaining to household goods, used office furniture and equipment.

Under House Bill 351, Acts of the Forty-seventh Legislature, specialized motor carrier certificates may not be issued by the Commission except upon a showing by substantial evidence that there exists a public necessity for such service and that the public convenience will be promoted thereby. The certificate issued authorizes the holder to engage in the business of a limited common carrier. Opinion No. 0-3700 by this department.

Section 5a(a) of House Bill 351, supra, contains the following grant of authority to the Commission:

"Any certificate, held, owned, or obtained by any motor carrier operating as a 'specialized motor carrier' under the provisions of this act may be sold, assigned, leased, transferred or inherited; provided, however, that any proposed sale . . . shall be first

presented in writing to the Commission for its approval or disapproval and the Commission may approve or disapprove such proposed sale. . . . "

The subject application does not propose the sale of a certificate but only a sale of a part thereof.

In Opinion No. O-1096 this department upheld the authority of the Railroad Commission to approve, under certain conditions the sale of a portion of a common carrier motor certificate of convenience and necessity under Section 5, Article 911b, Vernon's Annotated Civil Statutes. The question decided in this opinion was involved in the case of Houston and North Texas Motor Freight Lines, Inc., et al vs. W. A. Johnson, et al, decided by the Galveston Court of Civil Appeals on the 11th day of December, 1941. The court upheld the action of the Commission in approving the sale of a portion of such certificate under the conditions and facts presented. Three things particularly were emphasized by the court. First, certificates represent property rights and as such ordinarily carry the right to sell and convey a portion thereof as well as the whole; second, the fact that for many years the Railroad Commission has approved the sale of portions of certificates where the certificates were severed "horizontally" and not "lengthwise" and such departmental construction is entitled to great weight; and third, the fact that a new service was not created by the sale of a part.

Upon applying the reasoning of the Court to the subject proposal we are met with difficulties.

Under the certificate held by Federal Transportation Company, we will say it has a property right in the right to transport household goods, used office furniture and equipment, as well as in other commodities not involved. True, this property right is divided into two paragraphs in the certificate and limitations placed thereupon by restrictions upon the number of trucks that may be used. Federal Transportation Company does not, however, propose to sell its property rights in the right to transport household goods, used office furniture and equipment; it retains part of such property rights. Both it, and the purchaser under the sale, will have the authority to transport these commodities.

In the second place, the Railroad Commission has never approved sales of portions of specialized motor carrier certificates. Hence the weight of departmental construction is absent.

Honorable James E. Kilday, page 5

And, finally, it is apparent that a new service will be created under the proposal. Two carriers will be authorized to transport household goods, used office furniture and equipment from Houston to all points in Texas and from all points in Texas to Houston. The enterprise of each will seek the business. The limitation upon the number of trucks does not vouchsafe the non-existence of a new service or destroy the fact that two carriers would henceforth be authorized to transport the same commodities under a certificate issued to only one.

Routes traversed and the highways used are not made significant under the law creating specialized motor carriers, in contrast to that providing for common carriers. The commodities transported are the essential considerations. Consequently, the splitting of a specialized motor carrier certificate upon the basis of the same commodities to be transported, and a sale which would retain in the seller and at the same time transfer to the purchaser the authority to transport the same commodities, would manifestly be opposed to the underlying purposes and reasons motivating the legislature in its authorization of specialized motor carrier operations.

It is our opinion, therefore, that each of your questions should be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Zollie C. Steakley~~
Zollie C. Steakley
Assistant

APPROVED JAN 9, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

ZCS:db

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN